O-676

June 8, 1939

Honorable C. Burtt Potter
County Attorney
San Patricio County
Sinton, Texas

Dear Sir:

Opinion No. O-676
Re: Upon the consolidation on
April 15, 1939, of a common
school district with a con-
tiguous independent school
district, can the newly cre-
ated consolidation independ-
ent school district disre-
gard the basis of valuation
used by the former common
school district and assess
property of the entire dis-
trict on the basis of valua-
tion used by the independent
school district, or such oth-
er valuation as required by
law.

Under date of April 22, 1939, you submit, for
the opinion of this department the following question:

"The Taft Independent School Dis-
trict and the West Portland Common
School District Consolidated on April
15, 1939. The Taft Independent School
District assesses property on a valua-
tion of 60%. The common school district
uses the county rate or percentage on
valuations of 40%.

"The percentage of valuation in
each district was adequate prior to the
consolidation.

"Can the newly created or consoli-
dated district increase the valuations
of that part of the district which was
annexed on April 15th, and after Jan-

uary 1, 1939, the taxable date for as-
sessment, in proportion to the valua-
tions of the Taft Independent School
District of same date?"

Although the fact is not specifically stated in
your letter, it is assumed that the consolidation in ques-
tion was effected after an election called for the purpose
in each of the districts involved, in the mode and manner
provided by Article 2806, Revised Civil Statutes. This be-
ing so the Taft Independent School District and the West
Portland Common School District lost their separate identity
and together constituted a single new district. 37 Tex.
Jur., p. 900; Dyer vs. Consolidated School District No. 5,
Callahan, 22 S.W. (2d) 712; County Board of School Trustees
of Limestone County vs. Wilson, 5 S. W. (2d) 805.

Article 2806, Revised Civil Statutes, under which
the consolidation was consummated, provides that "and the
district so created shall be known by the name of the inde-
pendent school district included therein, and the manage-
ment of the new district shall be under the existing board
of trustees of the independent school district, and all the
rights and privileges granted to independent districts by
the laws of this State shall be given to the consolidated
independent district created under the provisions of this
law."

Consequently the statutes controlling the levy,
assessment and collection of maintenance taxes for independ-
ent school districts must be consulted rather than those
statutes governing the levy, assessment and collection of
such taxes from common school districts, and Section 5, Ar-
ticle 2784, Revised Civil Statutes, providing that "All prop-
erty assessed for school purposes in a common school dis-
trict shall be assessed at the rate of value of property as
said property is assessed for State and county purposes",
is, of course, no longer applicable to the facts of this
case, so as to require the assessment by the new consoli-
dated district at the rate of value of 40% used for State
and county purposes.

An independent school district, such as the one
involved in the instant inquiry, may, through its Board of
Trustees, cause school taxes of such districts to be as-
sessed and collected by the County Assessor and Collector,
or such district may elect to name its own Assessor and
Board of Equalization. In connection with the latter
method, Article 2791, Revised Civil Statutes provides as

follows:

> ". . . It shall be within the dis-
> cretion of the board of trustees of any
> independent school district to name an
> assessor of taxes who shall assess the
> taxable property within the limits of the
> independent school district within the
> time and in the manner provided by exist-
> ing laws, in so far as they are applicable,
> and when said assessment has been equal-
> ized by a board of equalization appointed
> by the board of trustees for that purpose,
> shall prepare the tax rolls of said dis-
> trict and shall duly sign and certify same
> to the county tax collector as provided
> for in the succeeding article."

It is not made to definitely appear from your letter which method is employed by the consolidatednTaft Independent School District, but since the amendment of Article 2792, Revised Civil Statutes, regarding the basis of valuation for assessment purposes when taxes are assessed and collected by the county assessor and collector, the method employed by an independent school district is not controlling. As originally enacted Article 2792, Revised Civil Statutes, with regard to assessment rates, provides as follows:

> "The property of such districts hav-
> ing their taxes assessed and collected by
> the county assessor and collector, shall
> not be assessed at a greater value than
> that assessed for county and State purposes."

In 1937 said Article 2792, Revised Civil Statutes was amended so that the provision regarding the assessment rates for independent school district taxes provides as follows:

> "The property of such districts hav-
> ing their taxes assessed and collected by
> the county assessor and collector, may be
> assessed at a greater value than that as-
> sessed for county and State purposes, and
> in such cases the county tax assessor and
> collector shall assess the taxes for said
> district on separate assessment blanks
> furnished by said district, and shall pre-

pare the rolls for said districts in ac-
cordance with the assessment values which
have been equalized by a board of equali-
zation appointed by the Poard of Trustees
for that purpose."

So we see that for aught that appears in the
controlling statutes the Taft Consolidated Independent
School district, in assessing the property formerly em-
braced in the West Portland Common School District, and
acquired by the consolidated election of April 15, 1939,
is not limited to the county rate of valuation of 40%
used by the West Portland Common School District, but has
express statutory authorization for the assessment of the
property of the district at a greater value than that as-
sessed for county and State purposes.

In reaching this conclusion, no difficulty is
presented by the fact that the consolidation election in
question transpired subsequent to January 1, 1939. January
1 of each year is the date fixed by statute as determina-
tive of the ownership of property and consequent liability
for taxes for the ensuing year, and does not control the
time of levy, assessment or collection of taxes. Property
owned on January 1 of any given year, in territory which
is included in an independent school district thereafter
created, or which is thereafter annexed to an existing in-
dependent school district, is chargeable with taxes subse-
quently levied by the district for that year. Cadena vs.
State, 185 S.W. 367; Yorktown Independent School District
vs. Afferbach, 12 S.W. (2d) 130; Blewitt vs. Megargel
County Line Independent School District, 285 S.W. 271.

In Cadena vs. State, supra, it is said:

"All property owned on the lst day
of January is subject to any tax author-
ized by law, whether such taxes have been
authorized theretofore or may be author-
ized during the year, and can be levied
by the body given the power to levy at
any time during the year. Laws naming the
time for the levy of taxes are merely di-
rectory, and legal taxes can be levied
whenever the necessity arises. Laws au-
thorizing taxes are not retrospective so
far as the year in which they are author-
ized is concerned."

The case of David vs. Timon, 183 . . . 88, although not involving a school question, upholds this principle of law with the following language:

>"Assessments for taxation are made on all property held by the owner on January 1st of each year, and that assessment forms the basis and is essential to the levy and collection of taxes. All property held and owned on the 1st day of January of each year is bound for and subject to the taxes levied during that year, whether such levy be made in the beginning, the middle, or the last of the year."

An assessment of taxes, in natural sequence, follows the levy of such taxes, and the assessment is not completed until the valuation or equalization of the property in the prescribed manner by the constituted authority. If, therefore, under the authorities next above discussed, the Taft Consolidated Independent School District may lawfully at any time during the year 1939 subsequent to the consolidation election which created such district, levy school taxes against properties which were not in such taxing district on January 1, 1939, then it must follow that such district may assess such properties in the manner, and at the rate of valuation prescribed by Article 2791 and Article 2792, as amended, Revised Civil Statutes, hereinabove discussed, in answering your question affirmatively.

Trusting the foregoing will satisfactorily answer your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (signed) Pat M. Neff, Jr.
Pat M. Neff, Jr.
Assistant

PMN:FG

APPROVED:
(signed)
ATTORNEY GENERAL OF TEXAS